<pre>
                             UNITED STATES DISTRICT COURT
                             MIDDLE DISTRICT OF TENNESSEE
</pre>

| | |
|---|---|
| Robert Reed, individually,<br>Mattie Reed, individually, and<br>Estate of Andron R. Reed,<br>Deceased, by his parents and<br>successors in interest Robert Reed, Jr.<br>Mattie Reed and Artavius Reed,<br><br>    Plaintiffs,<br><br>vs.<br><br>Truman Jones, Jr., Rutherford County<br>Sheriff Department, Truman Jones, Jr.,<br>individually, John Does 1-10,<br>State of Tennessee Department of Safety,<br>Commissioner Dave Mitchell,<br>Michael Morgan, individually,<br>Michael Cummins, individually,<br>Stanley Ciezkowski, individually,<br>Randy Thomas, individually,<br>Ty Downing, individually,<br><br>    Defendants. | **COMPLAINT FOR DAMAGES<br>AND DEMAND FOR JURY TRIAL**<br><br>Case No. |

Plaintiffs allege:

## GENERAL ALLEGATIONS

1. Plaintiffs, Robert Reed and Mattie Reed are residents of the City of Memphis and County of Shelby. Plaintiffs' decedent, Andron Reed, was a resident of the City Memphis and County of Shelby at the time he was strangled, beaten and subjected to being exposed involuntarily to toxic chemicals and died on August 15, 2009.

2. Plaintiff, Artavius Reed was a resident of the City of Memphis and County of Shelby at all times herein alleged. Plaintiffs' decedent, Artavius Reed, was a resident of the City Memphis and County of Shelby at the time he was wrongful detained and wrongfully accused of with committing a criminal offense on August 15, 2009.

3. Plaintiffs Robert and Mattie Reed are the parents of Plaintiffs' decedent, Andron Reed. Plaintiffs bring this action as individuals on their own behalf under both federal and Tennessee law in the international, federal, and state law claims set out below. Plaintiffs also bring this action on behalf of the Estate of Andron Reed, deceased, in their representative capacity as successors in interest of the Estate of Andron Reed, deceased.

4. Plaintiff Artavius Reed is bringing this action as individual on his own behalf under both federal and Tennessee law in the international, federal, and state law claims set out below.

5. Decedent Andron Reed died intestate in the City of Murfreesboro, County of Rutherford, State of Tennessee. No special administrator or personal representative of the Estate of Andron Reed has been appointed by any Court.

6. The plaintiffs' decedent is Andron Reed, who at the time of his death on August 15, 2009, was an eighteen (18) year old resident of the City of Memphis, Tennessee. At the time of his death, Andron Reed was single and had no children.

7. At all times relevant hereto, defendants, Michael Morgan was, and still is a resident of the County of Rutherford County, State of Tennessee, and were duly appointed and acting as Highway Patrol officers for the State of Tennessee Department of Safety. Michael Morgan is being sued individually and in his capacity as an employee of the State of Tennessee.

8. At all times relevant hereto, defendant, Michael Cummins was, and still is, a resident of the County of Rutherford County, State of Tennessee, and were duly appointed and acting as Highway Patrol officers for the State of Tennessee Department of Safety. Michael Cummins is being sued individually and in his capacity as an employee of the State of Tennessee.

9. Defendant, Tennessee Department of Safety Commissioner Dave Mitchell, is an agency for the State of Tennessee is, and at all times mentioned herein was, a state within the United States and is the employer of the above named individual defendants, Michael Cummins and Michael Morgan. The individual defendants performed all of the herein alleged acts for, and in the name of defendant, State of Tennessee.

2

Case 3:09-cv-01223   Document 1   Filed 12/30/09   Page 2 of 17 PageID #: 2

10. At all times relevant hereto, defendants, Randy Thomas, Stanley Ciezkowski, and Ty Downing and DOES 1-10 were, and still are, residents of the County of Rutherford County, State of Tennessee, and were duly appointed and acting as Sheriff Deputies or other employees for the Rutherford County Sheriff of Rutherford County in the State of Tennessee. They are sued individually and in their capacities as employees of the Sheriff of Rutherford County.

11. At all times relevant hereto, defendant, Truman Jones, Jr., was, and still is, a resident of the County of Rutherford County, State of Tennessee, and was duly appointed as Sheriff of the Rutherford County Sheriff Office of Rutherford County in the State of Tennessee. Truman Jones, Jr. is being sued individually and in his capacity as an employee of the Sheriff Office of Rutherford County.

12. The true names or capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 10, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to show the unknown defendants' true names and capacities when the same have been ascertained. Plaintiffs are informed and believe, and thereon allege, that all defendants sued herein as DOES are in some manner responsible for the acts herein alleged.

13. Each of the acts of the individually named defendants, Cummins and Morgan, were done by them by virtue of and under their authority as Tennessee Highway Patrol Officers of the Tennessee Department of Safety and under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Tennessee. Said defendants were the servants, agents and employees of the State of Tennessee, and in doing the acts hereinafter described, acted within the course and scope of their employment. Their acts herein alleged are, therefore, imputed to the State of Tennessee.

3

14. Each of the acts of the individually named defendants, Rutherford County Tennessee Sheriff Truman Jones, Jr., Deputies Randy Thomas, Stanley Ciezkowski, Ty Downing and DOES 1 through 10, were done by them by virtue of and under their authority as Sheriff or Sheriff Deputies or employees for the Sheriff of Rutherford County, and under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Tennessee. Said defendants were the servants, agents and employees of Defendant, Sheriff of Rutherford County Tennessee, and in doing the acts hereinafter described, acted within the course and scope of their employment. Their acts herein alleged are, therefore, imputed to Defendant Sheriff of Rutherford County Tennessee.

## FACTUAL ALLEGATIONS

15. On August 15, 2009 at approximately 3:20 p.m., plaintiffs' decedent, Andron Reed, was driving his 1990 Lincoln Continental east on Interstate 24 in Rutherford County, Tennessee. Mr. Andron Reed was pulled over by defendant Tennessee State Trooper Cummins and Morgan, allegedly for a minor traffic violation (speeding).

16. In response to the officer's emergency lights, Mr. Reed attempted to pull over to the shoulder of the road lost control of his car and accidentally hit a truck traveling east on I-24. The decease, plaintiff, Andron Reed, pulled his car over to the right shoulder of the interstate then defendant, Morgan rammed his patrol car into the car driven by Andron Reed. The deceased plaintiff, Andron Reed and Artavius Reed exited the car on the passenger side on moved away from the car.

16. The Reed's were not armed, posed no threat to the officers and did nothing of a violent nature. Defendant, Morgan and Cummins, exited their cars with their guns drawn and pointing them at the Reeds. The Reeds got out of the car and lay on the ground, doing nothing unlawful or threatening. Defendant, Mr. Cummins, jumped on the deceased, Reed, placed him in handcuffs and commenced beating him for no reason.

4

17. Defendant, Morgan, placed plaintiff, Artavius Reed under arrest, put handcuffs on him, put him in the back of his car and began questioning him. Plaintiff, Reed, was questioned by a Drug Enforcement Agency officer, also.

18. The deceased, Andron Reed's car was strip searched by the United States Drug Enforcement Agent, the Tennessee Bureau of Investigation and Tennessee Highway Patrol.

19. The Plaintiffs were taken to the Rutherford County Detention Center where they were booked and processed for detention. Deceased, plaintiff, Andron Reed, was charged with felony evading arrest two (2) counts of felony reckless endangerment, driving under the influence of an intoxicant, resisting stop, frisk, halt, arrest or search, two (2) counts of assault and implied consent. Plaintiff, Artavius Reed, was charged with resisting stop, frisk, halt, arrest or search and two (2) counts of assault.

20. Artavius Reed and Andron Reed were placed in a cell with other inmates after they were booked, shortly thereafter for no apparent reason, Andron was placed alone in a separate cell.

21. Sometime during his detention, Andron Reed was placed in a restraint chair, beaten and sprayed in the face with mace. Mr. Andron Reed was left in the restraint chair for an unusual amount of time, and then he was found slumped over and unresponsive. No effort was made to perform CPR on Mr. Reed by the Rutherford County Sheriff Department deputies or employees.

22. Eventually, paramedics arrived and transported Mr. Reed to the hospital. Plaintiff, Andron Reed, was admitted to Middle Tennessee Medical Center with cardiopulmonary arrest, severe rhabdomyolysis, acute renal failure, metabolic acidosis, critical hyperkalemia, cardogenic shock, anoxic brain injury, ischemic bowel, possible disseminated intravascular coagulation and multiorgan failure.

5

23. Plaintiff, Artavius Reed, heard his brother being beaten and screaming for mercy and he could smell the mace that was being sprayed in Andron Reed's face.

**FIRST CAUSE OF ACTION**

[42 U.S.C. § 1983 Constitutional Violations on behalf
of the Estate of Andron Reed, By His Parents and
Successors in Interest, Robert and Mattie Reed]

24. Plaintiffs realleged and incorporate by reference each and every allegation contained in Paragraphs 1 through 24 above as though fully set forth herein.

25. The acts alleged above, particularly the act by defendant Cummins battering Plaintiffs' decedent without justification or necessity, constituted an excessive and unreasonable use of force and thus an unlawful seizure, in violation of Mr. Andron Reed's rights as guaranteed by the United States Constitution, particularly the Fourth Amendment thereto. Plaintiff Estate of Andron Reed is therefore entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

26. Further, by the acts alleged above, Plaintiffs' decedent and Artatius Reed was unreasonably seized by Defendants, Cummins and Morgan without a warrant or reasonable cause. These acts resulted in the death of Mr. Reed and constituted an unreasonable seizure in violation of Mr. Reed's rights guaranteed by the United States Constitution, particularly the Fourth Amendment thereto. Plaintiff Estate of Andron Reed and Artavius Reed, are thus entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

27. Further, defendants, Truman Jones, Jr., Randy Thomas, Stanley Ciezkowski and DOES 1-10, acts during the detention were unreasonable, including the length of the detention and their acts during the detention, leading up to Andron Reed's death, including assault and battery, the use of excessive force and culminating in the unreasonable use of deadly force. These acts resulted in the death of Mr. Reed and constituted an unreasonable seizure in violation of Mr. Reed's rights guaranteed by the United States Constitution, particularly the Fourth Amendment thereto. Plaintiff Estate of Andron Reed and Artavius Reed, are thus entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

28. The acts of defendants, Cummins and Morgan as described above also amounted to recklessness and thus a further violation of the Fourth Amendment. Said acts proximately caused injury and death to plaintiffs' decedent, Andron Reed, entitling the Estate of Andron Reed and his successors in interest to damages pursuant to 42 U.S.C. § 1983 et seq. in an amount to be proven at trial.

29. The acts of defendants, Truman Jones, Jr., Randy Thomas, Ty Downing, Stanley Ciezkowski and DOES 1-10 were as described above also amounted to recklessness and thus a further violation of the Fourth Amendment. Said acts proximately caused injury and death to plaintiffs' decedent Andron Reed, entitling the Estate of Andron Reed and his successors in interest to damages pursuant to 42 U.S.C. § 1983 et seq. in an amount to be proven at trial.

30. As a direct and proximate result of the unlawful acts, excessive force, unlawful seizure and recklessness described above, plaintiffs' decedent Andron Reed suffered severe injuries and loss of his life. By reason of these acts, plaintiffs' decedent was, and his estate and successors in interest now are, entitled by virtue of 42 U.S.C. § 1983 et seq., to general and compensatory damages in an amount to be proven at trial.

31. As a further result of the actions of said defendants alleged above, decedent Andron Reed's estate incurred reasonable funeral expenses and loss of such income as Andron Reed would have earned in his lifetime. The Estate of Andron Reed and his successors in interest have lost such estate as decedent might reasonably have accumulated in his natural life expectancy. Thus, plaintiffs are entitled to damages in an amount to be proven at trial.

32. The aforesaid acts of defendants Cummins and Morgan were done willfully, maliciously and/or with callous and reckless indifference to and disregard for decedent's safety and continued life, therefore entitling Plaintiffs' to punitive damages in an amount to be proven at trial.

33. The aforesaid acts of defendants Truman Jones, Jr., Randy Thomas, Ty Downing, Stanley Ciezkowski and DOES 1-10 were done willfully, maliciously and/or with callous and reckless indifference to and disregard for decedent's safety and continued life, therefore entitling Plaintiffs' to punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
[42 U.S.C. § 1983 Constitutional Violations
By Plaintiffs Robert and Mattie Reed, Individually and Artavius Reed]

34. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 33 above as though fully set forth herein.

8

35. As a result of the acts alleged above, particularly the unjustified, unnecessary and excessive use of deadly force which caused the death of Plaintiffs' decedent Andron Reed, as well as the unreasonable acts leading up to and culminating in death of Andron Reed, Plaintiffs Robert and Mattie Reed suffered the loss of their son. Thus, the acts of defendants Cummins, Morgan, defendants, Truman Jones, Jr., Randy Thomas, Ty Downing, Stanley Ciezkowski and DOES 1-10 deprived Plaintiffs, Robert and Mattie Reed of their constitutionally protected due process right to the love, support, affection and companionship of their son, in violation of Plaintiff Robert and Mattie Reeds' rights as guaranteed by the Fourteenth Amendment to the U.S. Constitution, particularly the due process clause of the Fourteenth Amendment.

36. The acts of defendants and each of them as described above also amounted to recklessness which caused injury and ultimately death to Andron Reed, thus causing a further violation of the Fourteenth Amendment rights of Plaintiffs Robert and Mattie Reed. Said acts proximately caused the death of plaintiffs' decedent, entitling Plaintiffs Robert and Mattie Reed to general and compensatory damages pursuant to 42 U.S.C. § 1983 et seq. in an amount to be proven at trial.

37. The aforesaid acts of defendants, Cummins, Morgan, Truman Jones, Jr., Randy Thomas, Ty Downing, Stanley Ciezkowski and DOES 1-10 were done wilfully, maliciously and/or with callous and reckless indifference to and disregard for decedent's safety and continued life, therefore entitling Plaintiffs' to punitive damages in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
[42 U.S.C. § 1983 Constitutional Violations via
Unlawful Policies, Customs or Habits]

38. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 37 above as though fully set forth herein.

9

39. On information and belief Plaintiffs allege that defendants, through its Department of Safety Cummins, Morgan, Truman Jones, Jr., Randy Thomas, Ty Downing, Stanley Ciezkowski and DOES 1-10, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its police officers, including Officers Cummins & Morgan, Sheriff Truman Jones, Jr., Deputies Randy Thomas, Ty Downing, and Stanley Ciezkowski and DOES 1-10 others, proximately causing the constitutional deprivations, injuries and damages alleged in the First and Second Causes of Action. As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.

40. Further, on information and belief Plaintiffs allege that State of Tennessee, through its Department of Safety, has an unlawful policy, custom or habit of permitting, condoning or ratifying the unnecessary and unjustified use of force by its Highway Patrol Officers, including the unjustified use of racial profiling._____-

41. Further, on information and belief Plaintiffs allege that defendants Rutherford County Sheriff Department and Department of Safety has an unlawful policy, custom or habit of permitting, condoning or ratifying the unnecessary and unjustified use of force by its deputies and other employees, including the unjustified use of deadly force.

42. As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiffs suffered the constitutional violations alleged in the First and Second Causes of Action, the injuries alleged in the First and Second Causes of Action and the injuries alleged in paragraphs 30, 31 and 35 above and thus Plaintiffs are entitled to general and compensatory damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
[Negligence/Wrongful Death Under Tennessee Law
by Plaintiffs Robert and Mattie Reed Individually, and as
Successors in Interest to the Estate of Andron Reed]

43. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 41 above as though fully set forth herein.

44. By the acts alleged above, Defendants and other employees of the Rutherford County Sheriff Department were negligent and breached their duty of due care, thereby causing the injuries to and death of Andron Reed as described in the First and Second Causes of Action, and the damages described in paragraphs 30, 31 and 35 above. As a result, Plaintiffs are entitled to general and compensatory damages under Tennessee law in an amount to be proven at trial.

45. As a result of the negligence described herein, Plaintiffs Robert and Mattie Reed are entitled to damages under Tennessee law according to proof at trial for the wrongful death of their son, including, but not limited to, loss of love, companionship, comfort, affection, society, moral support, financial support, services, advice, training and funeral expenses, for which defendants and each of them are responsible.

## FIFTH CAUSE OF ACTION
[Battery/Wrongful Death Under Tennessee Law by Plaintiffs Robert and Mattie Reed Individually, and as Successors in Interest to the Estate of Andron Reed]

46. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 45 above as though fully set forth herein.

47. By the acts alleged herein, particularly defendants, Rutherford County Sheriff Truman Jones, Jr. and or Deputies Randy Thomas, Ty Downing, Stanley Ciezkowski and DOES 1-10 acts of beating and killing Plaintiffs' son, Andron Reed, as described in the Factual Allegations and the First and Second Causes of Action, defendants committed a battery upon Andron Reed which caused him to suffer injuries and wrongful death, thereby entitling Plaintiffs to damages pursuant to Tennessee Code Annotated §39-13-101, et seq. As a result Plaintiffs are entitled to general and compensatory damages in an amount to be proven at trial.

48. As a result of these acts plaintiffs Robert and Mattie Reed suffered the loss of their son and the damages described in paragraphs 30, 31 and 35 above, entitling them to damages in an amount to be proven at trial for the wrongful death of their son, including, but not limited to, loss of love, companionship, comfort, affection, society, moral support, financial support, services, advice, training and funeral expenses, for which defendants and each of them are responsible, pursuant to Tennessee law.

49. In committing the acts alleged above, defendants, Rutherford County Sheriff Truman Jones, Jr. and or Deputies Randy Thomas, Ty Downing, Stanley Ciezkowski and DOES 1-10, acted maliciously and/or was guilty of a wanton and reckless disregard for the rights and feelings of Plaintiffs' decedent and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

[Civil Rights Violations/Wrongful Death Under United States and Tennessee Law by Plaintiffs Robert and Mattie Reed Individually,and as Successors in Interest to the Estate of Andron Reed]

50. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 49 above as though fully set forth herein.

51. The acts alleged above, particularly the acts of unjustified physical violence, including the fatal beating of plaintiffs' decedent, constituted an unlawful seizure of plaintiffs' decedent, in violation of Plaintiffs' rights guaranteed by the Tennessee Constitution (Article I, §§ 8 and 9) and the United States Constitution, particularly the Fourth, Eighth and Fourteenth Amendments thereto. These acts were committed through threats, intimidation and/or coercion. Therefore, Plaintiffs are entitled to damages pursuant to Tennessee law.

52. By reason of the acts of defendants and each of them alleged above, Plaintiffs suffered the injuries and damages alleged in paragraphs 30, 31 and 35 above. Plaintiffs are therefore entitled to general and compensatory damages against defendants and each of them in an amount to be proven at trial.

53. In committing the acts alleged above, defendants, Rutherford County Sheriff Department, Truman Jones, Jr. and/or Deputies, Randy Thomas, Ty Downing, Stanley Ciezkowski and DOES 1-10, acted maliciously and oppressively and by reason thereof Plaintiffs demand exemplary and punitive damages in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

[Cruel and Unusual Punishment causing Wrongful Death Under United States Constitution, Eighth Amendment Tennessee Law by Plaintiffs Robert and Mattie Reed Individually, and as Successors in Interest to the Estate of Andron Reed]

54. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 53 above as though fully set forth herein.

13

55. The acts alleged above, particularly the acts of unjustified physical violence, including the fatal beating of plaintiffs' decedent, constituted an unlawful seizure of plaintiffs' decedent, in violation of Plaintiffs' rights guaranteed by the Tennessee Constitution (Article I, §§ 8 and 9) and the United States Constitution, particularly the Eighth and Amendments thereto. These acts were committed through threats, intimidation and/or coercion. Therefore, Plaintiffs are entitled to damages pursuant to Tennessee law.

56. By reason of the acts of defendants and each of them alleged above, Plaintiffs suffered the injuries and damages alleged in paragraphs 30, 31 and 35 above. Plaintiffs are therefore entitled to general and compensatory damages against defendants and each of them in an amount to be proven at trial.

57. In committing the acts alleged above, defendants, Rutherford County Sheriff Department, Sheriff Truman Jones, Jr. and/or Deputies, Randy Thomas, Ty Downing, Stanley Ciezkowski and DOES 1-10, acted maliciously and oppressively and by reason thereof Plaintiffs demand exemplary and punitive damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

[Cruel and Unusual Punishment causing Wrongful Death Under United Nations Universal Declaration of Human Rights 1948 by Plaintiffs Robert and Mattie Reed Individually, and as Successors in Interest to the Estate of Andron Reed]

58. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 57 above as though fully set forth herein.

14

59. The acts alleged above, particularly the acts of unjustified physical violence, including the fatal beating of plaintiffs' decedent, constituted an unlawful seizure of plaintiffs' decedent, in violation of Plaintiffs' rights guaranteed by the United Nations Universal Declaration of Human Rights 1948 (particularly Articles 5, 6 and 7). These acts were committed through threats, intimidation and/or coercion. Therefore, Plaintiffs are entitled to damages pursuant to Tennessee, United States and international laws.

60. By reason of the acts of defendants and each of them alleged above, Plaintiffs suffered the injuries and damages alleged in paragraphs 30, 31 and 35 above. Plaintiffs are therefore entitled to general and compensatory damages against defendants and each of them in an amount to be proven at trial.

61. In committing the acts alleged above, defendants, Rutherford County Sheriff Department, Sheriff Truman Jones, Jr. and/or Deputies, Randy Thomas, Ty Downing, Stanley Ciezkowski and DOES 1-10, acted maliciously and oppressively and by reason thereof Plaintiffs demand exemplary and punitive damages in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

[United Nations Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment Violations Under United Nations Treaty Law by Plaintiffs Robert and Mattie Reed Individually, and as Successors in Interest to the Estate of Andron Reed]

62. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 61 above as though fully set forth herein.

15

63. The acts alleged above, particularly the acts of unjustified physical violence, including the fatal beating of plaintiffs' decedent, constituted an unlawful seizure of plaintiffs' decedent, in violation of Plaintiffs' rights guaranteed by the United States Constitution, particularly the Eighth Amendment, thereto and the United Nations Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (Article 1 and 2). Therefore, Plaintiffs are entitled to damages pursuant to Tennessee, United States and international laws.

64. By reason of the acts of defendants and each of them alleged above, Plaintiffs suffered the injuries and damages alleged in paragraphs 30, 31 and 35 above. Plaintiffs are therefore entitled to general and compensatory damages against defendants and each of them in an amount to be proven at trial.

65. In committing the acts alleged above, defendants, Rutherford County Sheriff Truman Jones, Jr. and/or Deputies, Randy Thomas, Ty Downing, Stanley Ciezkowski and DOES 1-10, acted maliciously and oppressively and by reason thereof Plaintiffs demand exemplary and punitive damages in an amount to be proven at trial.

## TENTH CAUSE OF ACTION

[Intentional Infliction of Emotional Distress
Under Tennessee Law by Plaintiff Artivaus Reed, Individually]

66. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 64 above as though fully set forth herein.

67. The acts alleged above, particularly the acts of unjustified physical violence, including the fatal beating of plaintiffs' brother, Andron Reed, when the defendants, Rutherford County Sheriff Department, Sheriff Truman Jones, Jr. and/or Deputies, Randy Thomas, Ty Downing, Stanley Ciezkowski and DOES 1-10, knew Plaintiff, Artavius Reed, was present constituted an unlawful infliction of mental distress, in violation Tennessee law.

16

68. By reason of the acts of defendants and each of them alleged above, Plaintiff suffered the injuries and damages alleged in paragraphs 30, 31 and 35 above. Plaintiffs are therefore entitled to general and compensatory damages against defendants and each of them in an amount to be proven at trial.

69. In committing the acts alleged above, defendants, Rutherford County Sheriff Truman Jones, Jr. and/or Deputies, Randy Thomas, Ty Downing, Stanley Ciezkowski and DOES 1-10, acted maliciously and oppressively and by reason thereof Plaintiffs demand exemplary and punitive damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against defendants and each of them as follows:

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2. For exemplary and punitive damages against defendants, Tennessee Department of Safety, Cummins and Morgan, Rutherford County Sheriff Truman Jones, Jr., Deputies Randy Thomas, Stanley Ciezkowski, Ty Downing and DOES 1 through 10, in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorneys fees; and,

4. For such other relief as the Court deems proper.

Dated: __December 30, 2009__

    _/s/ Terry R. Clayton _____
Terry R. Clayton, BPR# 12392
Attorney for Plaintiffs
1402 5th Avenue North
Nashville, TN 37208
(615)726-2424

Plaintiffs hereby demand a jury trial in this action.

17